### THE MARSHALL O. WELLS.

(Circuit Court of Appeals, Third Circuit. May 4, 1910.)

#### No. 58 (1,346).

COLLISION (§ 69*)—SCHOONER RUNNING DOWN FISHING BOAT—APPLICATION OF RULES TO MOTOR BOAT.

Article 26 of the inland navigation rules (Act June 7, 1897, c. 4, 30 Stat. 102 [U. S. Comp. St. 1901, p. 2883]), which provides that "sailing vessels under way shall keep out of the way of sailing vessels or boats fishing with nets or lines or trawls," applies to a fishing boat having motor power; and a schooner is liable for the death of a person caused by her negligently running down a motor boat while at anchor and fishing in a place which left ample fairway.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 88½; Dec. Dig. § 69.*]

Appeal from the District Court of the United States for the District of New Jersey.

Suit in admiralty by Jacob Elzer, Sr., administrator of the estate of Rudolph Elzer, against the schooner Marshall O. Wells. Decree for libelant (172 Fed. 984), and claimant, the Perth Amboy Dry Dock Company, appeals. Affirmed.

James D. Dewell, for appellant.

Frank Carpenter, for appellee.

Before BUFFINGTON and LANNING, Circuit Judges, and ARCHBALD, District Judge.

BUFFINGTON, Circuit Judge. This is an appeal by the owner of the schooner Marshall O. Wells from a decree in admiralty adjudging her liable to Jacob Elzer, Sr., administrator of Rudolph Elzer, in damages for the latter's death. The opinion of the court below, reported at 172 Fed. 984, discusses both facts and law so fully and satisfactorily

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that an opinion here would be mere repetition. It suffices to say that, after a thorough examination of the record, we agree wholly with the findings and conclusions of the court below.

The proofs satisfy us that decedent's power boat was anchored for fishing in a proper place and in plain view of the approaching schooner; that there was ample fairway room for the latter to pass; that a horn was blown on the fishing boat as the schooner approached; that the power boat was in no fault; that the schooner could have seen the fishing boat and heard the horn in ample time to avoid the collision, had she had a lookout. By rule 26 (Act June 7, 1897, c. 4, 30 Stat. 102 [U. S. Comp. St. 1901, p. 2883]), providing that "sailing vessels under way shall keep out of the way of sailing vessels or boats fishing with nets, or lines or trawls," the schooner was in fault in making no effort to avoid decedent's fishing boat, which, as we have seen, left ample fairway space for the schooner.

It is contended, however, that rule did not apply to decedent's fishing boat, because it had motor power. The purpose of rule 26 is to safeguard boats generally at places where they are properly engaged in fishing. The rule makes no distinction between the kinds of fishing craft. The use of motors in such boats has been general for several years, and the fact that no change has been made in the rule argues strongly against the construction urged. But, apart from this, we think such a construction would tend to confusion and danger. A vessel approaching "vessels or boats fishing with nets, or lines or trawls," can see they are fishing and avoid them; but, if its duty toward them is to be determined by the presence or absence of a motor, confusion may readily occur when the vessel is anchored or drifting, for the motor may be so installed as not to be seen, it may be out of order, or, as happens, it may have run out of gasoline. Uncertainty as to the purposes of approaching vessels is a most frequent cause of collision. The construction here contended for would breed an uncertainty that rules and courts should avoid.

The decree should be affirmed.